IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
Wilmington Division
Case No. 7:14-cv-2

MARIAN SNOW,

        Plaintiffs

v.

WELLS FARGO BANK, N.A.
WELLS FARGO HOME MORTGAGE, INC.

        Defendant.

**ANSWER**

NOW COMES Defendant, Wells Fargo Bank, N.A. ("Wells Fargo")[1] and responds to Plaintiff's Complaint (the "Complaint") as follows:

All allegations in the Complaint that are not expressly admitted herein below are hereby denied.

1.      It is admitted that the allegations in Paragraph 1 of the Complaint summarize claims asserted in the Complaint under various federal and state statutes. Wells Fargo denies that Plaintiff is entitled to relief under any of the claims described in Paragraph 1 of the Complaint.

2.      The allegations set forth in Paragraph 2 of the Complaint are conclusions of law to which no response is required.

3.      The allegations set forth in Paragraph 3 of the Complaint are conclusions of law to which no response is required.

---

[1] Wells Fargo Home Mortgage, Inc. merged into Wells Fargo Bank, N.A. in June 2004, as reflected by publicly available records on file with the North Carolina Secretary of State. Wells Fargo Bank, N.A. has conducted certain business as Wells Fargo Home Mortgage since that time.

4.      Wells Fargo lacks sufficient information or belief to admit or deny whether Plaintiff resides – or has resided – in North Carolina. The remaining allegations set forth in Paragraph 4 of the Complaint are conclusions of law to which no response is required.

5.      The allegations set forth in Paragraph 5 of the Complaint are conclusions of law to which no response is required. To the extent a further response to any allegations in Paragraph 5 of the Complaint is required, the allegations are denied.

6.      The allegations set forth in Paragraph 6 of the Complaint are denied.

7.      Wells Fargo admits that on or about March 25, 2009, Plaintiff executed a note (the "Note") and a deed of trust (the "Deed of Trust") securing real property located at 4472 Island Drive, North Topsail Beach, NC 28460 (the "Collateral") in connection with obtaining a loan in the amount of $299,200.00 (the "Loan"). Copies of the Note and Deed of Trust are attached hereto as Exhibits A and B, respectively and speak for themselves. The Note and Deed of Trust are hereinafter referred to collectively as the "Loan Documents." The remaining allegations in Paragraph 7 of the Complaint are conclusions of law to which no response is required.

8.      Wells Fargo denies that the Collateral is Plaintiff's "principal dwelling." Between October 15, 2013, and February 3, 2014, before and after filing this Complaint, Plaintiff filed four other Complaints in this Court wherein she claims to reside in either Garner or Zebulon in Wake County. *See*, *Snow v. Global Credit and Collection Co., et al.*, 5:13-cv-721, [Doc. # 1, ¶ 5, p. 21]; *Snow v. Discover Financial* Services, 5:14-cv-25, [Doc. # 1, ¶ 4]; *Gibbons v. GC Services, LLC*, 5:13-cv-84, [Doc. # 1, p. 33]; and *Snow v. CitiBank, N.A.*, 5:14-cv-59, [Doc. # 1, p. 20]. Wells Fargo further admits that the terms of the Loan are set forth in Loan Documents,

which speak for themselves, and Wells Fargo denies the allegations in paragraph 8 to the extent they are contradicted by the Loan Documents.

9. The allegations in Paragraph 9 of the Complaint refer to Loan Documents which speak for themselves, and Wells Fargo denies the allegations to the extent they are contradicted by the Loan Documents.

10. Wells Fargo lacks sufficient information or belief to admit or deny the allegations of Paragraph 10 of the Complaint.

11. Wells Fargo admits the allegations of Paragraph 11 of the Complaint, upon information and belief.

12. Wells Fargo admits that North Carolina is in the Eastern Time Zone of the United States. Wells Fargo lacks sufficient information and belief to admit or deny the remaining allegations of Paragraph 12 of the Complaint.

13. Wells Fargo admits Plaintiff executed the Deed of Trust on or about March 25, 2009, which is a document that speaks for itself. Wells Fargo denies the allegations of Paragraph 13 of the Complaint to the extent they are contradicted by the Loan Documents.

14. Wells Fargo admits the Deed of Trust speaks for itself. Wells Fargo denies the allegations of Paragraph 14 of the Complaint to the extent they are contradicted by the Deed of Trust.

15. Wells Fargo admits Plaintiff executed the Note on or about March 25, 2009, which is a document that speaks for itself. Wells Fargo denies the allegations of Paragraph 15 of the Complaint to the extent they are contradicted by the Note.

16. Wells Fargo admits Plaintiff failed to make the loan payment that came due in October, 2012.

17. The allegations in Paragraph 17 of the Complaint refer to a document which speaks for itself, and Wells Fargo denies the allegations to the extent they are contradicted by the document.

18. The allegations in Paragraph 18 of the Complaint refer to a document which speaks for itself, and Wells Fargo denies the allegations to the extent they are contradicted by the document.

19. The allegations in Paragraph 19 of the Complaint refer to a document which speaks for itself, and Wells Fargo denies the allegations to the extent they are contradicted by the document.

20. Wells Fargo admits that a Corporate Assignment of Deed of Trust was filed in the Onslow County Public Registry at Book 3896, Pages 495-496 on December 10, 2012. Wells Fargo denies that it acquired the Loan on December 10, 2012, and denies that the Loan was in default when Wells Fargo acquired it.

21. The allegations set forth in Paragraph 21 of the Complaint are denied.

22. The allegations in Paragraph 22 of the Complaint are conclusions of law to which no response is required. To the extent a further response is required, the allegations are denied.

23. The allegations in Paragraph 23 of the Complaint are conclusions of law to which no response is required. To the extent a further response is required, the allegations are denied.

24. The allegations in Paragraph 24 of the Complaint are conclusions of law to which no response is required.

25. The allegations set forth in Paragraph 25 of the Complaint are denied.

26. The allegations in Paragraph 26 of the Complaint fail to meet the requirements of F. R. Civ. P., Rule 8, which requires that each allegation must be simple, concise, and direct,

such that Wells Fargo is unable to ascertain the meaning of the allegations. Accordingly, Wells Fargo lacks sufficient information or belief to admit or deny the allegations of Paragraph 26 of the Complaint, and the allegations are therefore denied.

27. With respect to the allegations in Paragraph 27 of the Complaint, it is denied that there was any change in ownership of the Note at any time on or after December 5, 2012.

28. With respect to the allegations in Paragraph 28 of the Complaint, it is denied that there was any change in ownership of the Note at any time on or after December 5, 2012.

29. With respect to the allegations in Paragraph 29 of the Complaint, it is denied that there was any change in ownership of the Note at any time on or after December 5, 2012.

30. With respect to the allegations in Paragraph 30 of the Complaint, it is denied that there was any change in ownership of the Note at any time on or after December 5, 2012.

31. With respect to the allegations in Paragraph 31 of the Complaint, it is denied that there was any change in ownership of the Note at any time on or after December 5, 2012.

32. With respect to the allegations in Paragraph 32 of the Complaint, it is denied that there was any change in ownership of the Note at any time on or after December 5, 2012.

33. The allegations set forth in Paragraph 33 of the Complaint are denied.

34. The allegations set forth in Paragraph 34 of the Complaint are denied.

35. Wells Fargo admits, upon information and belief, that Plaintiff mailed a letter addressed to Home Finance of America dated December 10, 2012, which is a document that speaks for itself.

36. Wells Fargo admits that it sent a response to Plaintiff's December 10, 2012, letter on or about December 22, 2012, which speaks for itself, a copy of which is attached hereto as

Exhibit C (enclosures omitted). Wells Fargo lacks sufficient information or belief to admit or deny the remaining allegations in Paragraph 36 of the Complaint.

37. The allegations of Paragraph 37 of the Complaint refer to documents which speak for themselves, and Wells Fargo denies the allegations to the extent they are contradicted by the documents.

38. Wells Fargo admits that it received a letter from Plaintiff dated January 4, 2013, on or about January 8, 2013, which speaks for itself. The remaining allegations of Paragraph 38 of the Complaint are conclusions of law to which no response is required.

39. Wells Fargo admits that it received a letter from Plaintiff dated January 4, 2013, on or about January 8, 2013, which speaks for itself.

40. Wells Fargo admits that it received a letter from Plaintiff dated January 4, 2013, on or about January 8, 2013, which speaks for itself.

41. Wells Fargo admits that it received a letter from Plaintiff dated January 4, 2013, on or about January 8, 2013, which speaks for itself. The remaining allegations of Paragraph 41 of the Complaint are conclusions of law to which no response is required.

42. The allegations set forth in Paragraph 42 of the Complaint are denied.

43. It is denied that Plaintiff received a letter from Wells Fargo Home Mortgage, Inc. Wells Fargo admits that it sent a response to Plaintiff's January 4, 2013, letter on or about January 15, 2013, which speaks for itself, a copy of which is attached hereto as Exhibit D (enclosures omitted).

44. It is denied that Plaintiff received a letter from Wells Fargo Home Mortgage, Inc. Wells Fargo admits that it sent a response to Plaintiff's January 4, 2013, letter on or about January 15, 2013, which speaks for itself.

45. It is denied that Plaintiff received a letter from Wells Fargo Home Mortgage, Inc. Wells Fargo admits that it sent a response to Plaintiff's January 4, 2013, letter on or about January 15, 2013, which speaks for itself. The remaining allegations of Paragraph 45 of the Complaint are conclusions of law to which no response is required.

46. The allegations set forth in Paragraph 46 of the Complaint are denied.

47. The allegations set forth in Paragraph 47 of the Complaint are denied.

48. Wells Fargo admits that it received a letter from Plaintiff dated January 4, 2013, on or about January 8, 2013, which speaks for itself.

49. The allegations set forth in Paragraph 49 of the Complaint are denied.

50. Wells Fargo is currently without sufficient information or belief to admit or deny the allegations set forth in Paragraph 50 of the Complaint. Wells Fargo's investigation into this matter is ongoing and it may amend its response to Paragraph 50 of the Complaint as it obtains additional information.

51. Wells Fargo is currently without sufficient information or belief to admit or deny the allegations set forth in Paragraph 51 of the Complaint. Wells Fargo's investigation into this matter is ongoing, and it may amend its response to Paragraph 51 of the Complaint as it obtains additional information.

52. Wells Fargo is currently without sufficient information or belief to admit or deny the allegations set forth in Paragraph 52 of the Complaint. Wells Fargo's investigation into this matter is ongoing, and it may amend its response to Paragraph 52 of the Complaint as it obtains additional information.

53. The allegations set forth in Paragraph 53 of the Complaint are denied.

54. The allegations set forth in Paragraph 54 of the Complaint are denied.

55. The allegations set forth in Paragraph 55 of the Complaint are denied.

56. The allegations set forth in Paragraph 56 of the Complaint are denied.

57. The allegations set forth in Paragraph 57 of the Complaint are denied.

58. Wells Fargo is currently without sufficient information or belief to admit or deny the allegations set forth in Paragraph 58 of the Complaint. Wells Fargo's investigation into this matter is ongoing, and it may amend its response to Paragraph 58 of the Complaint as it obtains additional information through its investigation into this matter.

59. Wells Fargo is currently without sufficient information or belief to admit or deny the allegations set forth in Paragraph 59 of the Complaint. Wells Fargo's investigation into this matter is ongoing, and it may amend its response to Paragraph 59 of the Complaint as it obtains additional information through its investigation into this matter.

60. Wells Fargo is currently without sufficient information or belief to admit or deny the allegations set forth in Paragraph 60 of the Complaint. Wells Fargo's investigation into this matter is ongoing, and it may amend its response to Paragraph 60 of the Complaint as it obtains additional information.

61. Wells Fargo is currently without sufficient information or belief to admit or deny the allegations set forth in Paragraph 61 of the Complaint. Wells Fargo's investigation into this matter is ongoing, and it may amend its response to Paragraph 61 of the Complaint as it obtains additional information.

62. Wells Fargo is currently without sufficient information or belief to admit or deny the allegations set forth in Paragraph 62 of the Complaint. Wells Fargo's investigation into this matter is ongoing, and it may amend its response to Paragraph 62 of the Complaint as it obtains additional information.

63. Wells Fargo is currently without sufficient information or belief to admit or deny the allegations set forth in Paragraph 63 of the Complaint. Wells Fargo's investigation into this matter is ongoing, and it may amend its response to Paragraph 63 of the Complaint as it obtains additional information.

64. Wells Fargo is currently without sufficient information or belief to admit or deny the allegations set forth in Paragraph 64 of the Complaint. Wells Fargo's investigation into this matter is ongoing, and it may amend its response to Paragraph 64 of the Complaint as it obtains additional information.

65. Wells Fargo is currently without sufficient information or belief to admit or deny the allegations set forth in Paragraph 65 of the Complaint. Wells Fargo's investigation into this matter is ongoing, and it may amend its response to Paragraph 65 of the Complaint as it obtains additional information.

66. Wells Fargo is currently without sufficient information or belief to admit or deny the allegations set forth in Paragraph 66 of the Complaint. Wells Fargo's investigation into this matter is ongoing, and it may amend its response to Paragraph 66 of the Complaint as it obtains additional information.

67. The allegations set forth in Paragraph 67 of the Complaint are denied.

68. Wells Fargo is currently without sufficient information or belief to admit or deny the allegations set forth in Paragraph 68 of the Complaint. Wells Fargo's investigation into this matter is ongoing, and it may amend its response to Paragraph 68 of the Complaint as it obtains additional information.

69. Wells Fargo is currently without sufficient information or belief to admit or deny the allegations set forth in Paragraph 69 of the Complaint. Wells Fargo's investigation into this

matter is ongoing, and it may amend its response to Paragraph 69 of the Complaint as it obtains additional information.

70. Wells Fargo is currently without sufficient information or belief to admit or deny the allegations set forth in Paragraph 70 of the Complaint, and they are therefore denied. Wells Fargo's investigation into this matter is ongoing, and it may amend its response to Paragraph 70 of the Complaint as it obtains additional information.

71. The allegations set forth in Paragraph 71 of the Complaint are denied.

72. The allegations set forth in Paragraph 72 of the Complaint are denied

73. The allegations set forth in Paragraph 73 of the Complaint are denied.

74. The allegations set forth in Paragraph 74 of the Complaint are denied.

75. The allegations set forth in Paragraph 75 of the Complaint are admitted.

76. The allegations set forth in Paragraph 76 of the Complaint are denied.

77. The allegations set forth in Paragraph 77 of the Complaint are denied.

78. Wells Fargo repeats and incorporates its answers to each and every allegation set forth above.

79. The allegations set forth in Paragraph 79 of the Complaint are conclusions of law to which no response is required. Wells Fargo expressly denies that it violated any applicable law.

80. The allegations set forth in Paragraph 80 of the Complaint and its subparts are denied.

81. Wells Fargo repeats and incorporates its answers to each and every allegation set forth above.

82.     The allegations set forth in Paragraph 82 of the Complaint are conclusions of law to which no response is required. Wells Fargo expressly denies that it violated any applicable law.

83.     The allegations set forth in Paragraph 83 of the Complaint and its subparts are denied.

84.     Wells Fargo repeats and incorporates its answers to each and every allegation set forth above.

85.     The allegations set forth in Paragraph 85 of the Complaint are conclusions of law to which no response is required.

86.     The allegations set forth in Paragraph 86 of the Complaint and its subparts are denied.

87.     Wells Fargo repeats and incorporates its answers to each and every allegation set forth above.

88.     The allegations set forth in Paragraph 88 of the Complaint are conclusions of law to which no response is required.

89.     The allegations set forth in Paragraph 89 of the Complaint and its subparts are denied.

90.     Wells Fargo repeats and incorporates its answers to each and every allegation set forth above.

91.     The allegations set forth in Paragraph 91 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 91 are denied.

92. The allegations set forth in Paragraph 92 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 92 are denied.

93. The allegations set forth in Paragraph 93 of the Complaint are denied.

94. The allegations set forth in Paragraph 94 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 94 are denied.

95. The allegations set forth in Paragraph 95 of the Complaint and its subparts are conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 95 and its subparts are denied.

96. Wells Fargo repeats and incorporates its answers to each and every allegation set forth above.

97. The allegations set forth in Paragraph 97 of the Complaint are denied.

98. The allegations set forth in Paragraph 98 of the Complaint are denied.

99. The allegations set forth in Paragraph 99 of the Complaint and its subparts are denied.

100. Wells Fargo repeats and incorporates its answers to each and every allegation set forth above.

101. The allegations set forth in Paragraph 101 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 101 are denied.

102. The allegations set forth in Paragraph 102 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 102 are denied.

103. The allegations set forth in Paragraph 103 of the Complaint are denied.

104. The allegations set forth in Paragraph 104 of the Complaint and its subparts are denied.

105. Wells Fargo repeats and incorporates its answers to each and every allegation set forth above.

106. The allegations set forth in Paragraph 106 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 106 are denied.

107. The allegations set forth in Paragraph 107 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 107 are denied.

108. The allegations set forth in Paragraph 108 of the Complaint are denied.

109. The allegations set forth in Paragraph 109 of the Complaint and its subparts are denied.

110. Wells Fargo repeats and incorporates its answers to each and every allegation set forth above.

111. The allegations set forth in Paragraph 111 of the Complaint are conclusions of law to which no response is required.

112. The allegations set forth in Paragraph 112 of the Complaint are conclusions of law to which no response is required.

113. The allegations set forth in Paragraph 113 of the Complaint are conclusions of law to which no response is required.

114. The allegations set forth in Paragraph 114 of the Complaint are denied.

115. The allegations set forth in Paragraph 115 of the Complaint and its subparts are denied.

116. Wells Fargo repeats and incorporates its answers to each and every allegation set forth above.

117. The allegations set forth in Paragraph 117 of the Complaint are conclusions of law to which no response is required.

118. The allegations set forth in Paragraph 118 of the Complaint are conclusions of law to which no response is required.

119. The allegations set forth in Paragraph 119 of the Complaint are conclusions of law to which no response is required.

120. The allegations set forth in Paragraph 120 of the Complaint are denied.

121. The allegations set forth in Paragraph 121 of the Complaint and its subparts are denied.

## ADDITIONAL DEFENSES

122. Plaintiff's claims are barred in whole, or in part, by the applicable statutes of limitations.

123. Plaintiff's claims are barred in whole, or in part, by the doctrines of estoppel, waiver, unclean hands, intervening negligence or wrongful acts of Plaintiff and/or another.

124. Plaintiff's claims are barred in whole, or in part, by Plaintiff's consent to the actions of which she complains.

125. Plaintiff's claims are barred in whole, or in part, because the statutes under which Plaintiff seeks relief were not in effect during the relevant time period.

126. Wells Fargo reserves its right to amend the allegations and defenses contained in this Answer as discovery and factual investigation in this case progress.

WHEREFORE, Wells Fargo respectfully requests that:

(i) Plaintiff recover nothing from Wells Fargo;

(ii) Plaintiff's claims be dismissed with prejudice;

(iv) The cost of this action be taxed against Plaintiff; and

(iv) Wells Fargo have such additional relief as the Court deems just and proper.

This the 6th day of March, 2014.

**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**

/s/ Kenneth B. Oettinger, Jr.
Kenneth B. Oettinger, Jr. (NC State Bar No. 20064)
Lee Williams (NC State Bar No. 35657)
301 South College Street, Suite 3500
Charlotte, NC 28202-6037
Telephone: (704) 331-4900
*Attorneys for Defendant, Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of March, 2014, the foregoing "**Answer**" was served via the Court's CM/ECF system and by regular mail to the address set forth below.

    Marian Snow
    4472 Island Drive
    N. Topsail Beach, NC 28460

    /s/ Kenneth B. Oettinger, Jr.
    Kenneth B. Oettinger, Jr.