# EXHIBIT A

The disputed language of the Rule 26(f) report is highlighted below for the Court's convenience.

Key:
- [Defendant's proposed language]
- <Plaintiff's proposed language>

---

1. Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on May 21, 2014 via telephone conference call with the following parties participating:

- Marian Snow, Plaintiff; and
- Amanda Ray, Attorney for Defendants.

2. **Initial Disclosures**. The parties will exchange Rule 26(a)(1) initial disclosures by June [15] <4>, 2014.

3. **Discovery Plan**. The parties propose to the Court the following discovery plan:

    a. Scope of Discovery: Discovery will be needed with respect to the facts related to the claims asserted and the defenses raised in the parties' pleadings.

    b. Commencement and Completion of Discovery: The proposed deadline for the completion of all discovery (general and expert) is January 23, 2015. All discovery shall be commenced in time to be completed by January 23, 2015.

    c. Interrogatories: The parties propose a maximum of twenty-five (25) interrogatories by each party <to any other party>, with each sub-part of an interrogatory constituting a separate interrogatory. Responses to interrogatories shall be due within thirty (30) days after service thereof [, unless another deadline is mutually agreed upon by the parties.]

d.  Requests for Admission: Responses to requests for admission shall be due within thirty (30) days after service thereof [, unless another deadline is mutually agreed upon by the parties.]

e.  Depositions:

(1)  There shall be a maximum of five (5) depositions <of parties or lay witnesses (not including expert witnesses)> by each party.

(2)  Depositions [shall be taken within 100 miles of where the individual deponent (including any expert witness or corporate representative deposed pursuant to Rule 30(b)(6)) resides, is employed, or regularly transacts business in person. If no such location exists within the state of North Carolina and the deponent is a party, officer of a party, or person designated pursuant to Rule 30(b)(6), the deposition shall be taken within 100 miles of the place the summons was served.] <of all employees, contractors or representatives of parties, and also of corporate representatives for parties deposed pursuant to F.R.C.P. Rule 30(b)(6), shall be taken in the city and state of the plaintiff's residence, where subject violations occurred.>

(3)  Unless the parties agree, no deposition may be taken if the deponent and the parties are not served with notice at least 10 days before the deposition.

(4)  Depositions of Plaintiff's expert witnesses, if any, must take place on or before October 31, 2014.

(5)  Depositions of Defendants' expert witnesses, if any, must take place on or before [December 19, 2014] <October 31, 2014>.

(6) Nothing in this order prevents a party from objecting to a deposition and seeking a protective order under Rule 26(c)(1), including a claim that the deposition is unreasonable, burdensome, treads on privileged communications or documents, or the testimony of the witness requested to be deposed would be the same or duplicative of other witnesses or a claim that a high-level corporate official does not have unique or superior personal knowledge.

f. <u>Length of Depositions</u>: Absent mutual agreement between the parties, each deposition shall not exceed seven (7) hours (time actually on the record) in duration per deponent in accordance with the Federal Rules of Civil Procedure.

g. <u>Disclosures of Retained Experts and Expert Reports</u>: Plaintiff shall serve any expert witness disclosures and reports under Rule 26(a)(2), along with a list of each expert's available dates for depositions, on or before September 5, 2014. Defendants shall serve any expert witness disclosures and reports under Rule 26(a)(2), along with a list of each expert's available dates for depositions, on or before [October 31, 2014] <September 5, 2014>.

h. <u>Amendments to the Pleadings</u>: Any motion under Rule 15(a)(2) to amend a pleading or add a party shall be made on or before [August 8, 2014] <October 24, 2014>.

i. <u>Admissions of Facts and Documents</u>: The parties have not agreed at this time to any admissions of facts or documents. However, the parties will continue to attempt to discuss these issues as discovery progresses and will provide notice to the Court of any proposals that arise out of these discussions.

j.      Supplementations under Rule 26(e): Supplementations under Rule 26(e) are due within fifteen (15) days of learning of new information that is the subject of the supplementation.

4. **Other Items**:

a.      Electronically Stored Information: The Parties anticipate that certain discoverable materials are stored electronically. The parties propose to seek to develop a mutually agreeable electronic discovery protocol and will meet and confer regarding methods for the collection, review, and production of electronic records. The parties have discussed and agreed upon the preservation and production of relevant discoverable information, which consists of: (1) internal account notes, logs, and bates records relating to the Plaintiff; (2) all correspondence with Plaintiff relating to the Plaintiff; (3) all correspondence with Defendant and third parties relating to Plaintiff; (4) any media relating to the Plaintiff; (5) any call logs and visitor logs relating to the Plaintiff; (6) any recordings, audio or video, relating to, or including telephone conversations with, the Plaintiff; and (7) the identities of individuals, along with their full name(s), business address(es) and telephone number(s), who possess knowledge of Defendants' electronic information systems and who can facilitate the location and identification of discoverable electronic information. The parties do not anticipate any other discovery of electronically stored information, but reserve the right to revisit this issue as discovery progresses. Electronic documents shall be produced in .pdf format where available and recordings shall be produced in native formats on readable CD or DVD.

b.      The parties request a pre-trial conference two weeks after the close of discovery and two weeks prior to the scheduled date of trial.

c.      Unless altered by the Court, dispositive motions from both parties shall be

due no later than [March 23, 2015] <thirty (30) days after the deadline for the completion of all discovery.>

      d.     At the present time, the parties are at substantial odds regarding whether Plaintiff's rights were violated and, consequently, whether the Plaintiff is entitled to any recovery. Nevertheless, the parties are mindful that the prospects for settlement may be increased as discovery moves along and the testimony of certain witnesses is established.

      e.     Pursuant to Local Alternative Dispute Resolution Rule 101.1a, this case is subject to mandatory mediation. The mediation shall occur no later than [August 2, 2014] <forty-five (45) days after the 26(f) scheduling conference>, at a time and place agreeable to the parties. The parties shall mutually agree on a mediator in this matter. In the event that the parties cannot agree on a date, location, or mediator for this required mediation, each party shall file their proposals with the Court no later than [August 2, 2014] <forty-five (45) days after the 26(f) scheduling conference>.

      f.     The parties agree that Rule 26(a)(3) pre-trial disclosures, including witness lists, designation of witnesses whose testimony will be presented by deposition, and exhibit lists, shall be made not later than thirty (30) days before trial.

      g.     The parties agree that objections to Rule 26(a)(3) pre-trial disclosures, shall be made not later than fourteen (14) days after the pre-trial disclosures are made.

      h.     The parties believe the case will be resolved at summary judgment. However, if the case is ultimately tried, the parties suggest a scheduled trial date of [June 29, 2015] <April 27, 2015>. Trial of the action is expected to take approximately [3] <1>day[s]. A jury trial has been demanded.

      i.     The parties mutually consent that service of all papers, those filed

with the Court and those not required to be filed with the Court (*e.g.*, discovery [requests and responses), may be filed by electronic means with the Court (if necessary) and transmitted to Plaintiff via electronic mail. Thereafter, Defendants agree that they will serve upon Plaintiff printed copies of all such papers via U.S. Mail. The parties agree that the three-day rule of F.R.C.P. 6(e) for service will apply.

      j.      The parties anticipate entering into a Confidentiality and Protective Order to protect trade secret and confidential information. Counsel for Defendants will prepare a draft agreement and present it to Plaintiff for consideration.]

| Summary Report: Litéra® Change-Pro TDC 7.0.0.365 Document Comparison done on 6/4/2014 2:49:04 PM | |
|---|---|
| **Style Name:** Default Style | |
| **Original Filename:** Snow - Rule 26(f).docx | |
| **Modified Filename:** Snow - Our rule 26(f).docx | |
| **Changes:** | |
| Add | 67 |
| Delete | 60 |
| Move From | 1 |
| Move To | 1 |
| Table Insert | 0 |
| Table Delete | 1 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format Changes | 0 |
| **Total Changes:** | 130 |